# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH A. VOGEL,<br>Plaintiff | Case No. 1:08-cv-877 |
| vs | Dlott, J.<br>Hogan, M.J. |
| PAMELA SUE FELTS,<br>Defendant. | **ORDER** |

Defendant Pamela Sue Felts has filed a pro se petition for removal to the district court. By separate Order issued this date, Ms. Felts has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of Ms. Felts' removal petition to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

The removal petition alleges that Ms. Felts was a party-defendant to a state court eviction action initiated in the Clermont County, Ohio Municipal Court. Ms. Felts defended that action claiming she was part-owner of the property in question. Judgment was rendered against Ms. Felts on April 28, 2008. Ms. Felts appealed to the Twelfth District Ohio Court of Appeals, which upheld the judgment of the trial court on December 15, 2008. Ms. Felts alleges that a notice of appeal and motion for stay have been filed in the Supreme Court of Ohio, but since a ruling will not be issued before she is evicted, Ms. Felts seeks to stay enforcement of the trial court's judgment by removing the state court action to this federal court. Ms. Felts alleges that the "biasness (sic) of the [municipal] court denied appellant [Ms. Felts] her rights to be heard, too (sic) confront witness and accusers in total disregards for her substantive rights under the U.S. Constitution and Ohio Constitution. . . ." (Removal Petition at 5). Ms. Felts also appears to

allege she was denied her property without due process of law because the Clermont County Municipal Court lacked jurisdiction over the forcible entry and detainer action. *Id.* at 6.

Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939); *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). The removal statute is to be strictly construed and in doubtful cases the exercise of jurisdiction is to be rejected. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

Ms. Felts premises removal on the basis of the Court's federal question jurisdiction. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether an action has been properly removed to federal court, the Court must examine the face of the plaintiff's well-pleaded complaint. Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v.*

*Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392. In addition, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Board*, 463 U.S. at 12). *See also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metropolitan Life*, 481 U.S. at 63; *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007).

Ms. Felts has failed to establish this Court has original federal question jurisdiction over this case. Ms. Felts has not attached a copy of the state court complaint to her petition for removal as required under 28 U.S.C. § 1446(a) showing this case arises under the Constitution or laws of the United States. Nor has Ms. Felts alleged that the state court action is based on a federal claim. Ms. Felts appears to be asserting federal defenses to the state court eviction action. As noted above, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. *Franchise Tax Board*, 463 U.S. at 8-12. Thus, Ms. Felts' federal constitutional defenses do not permit her to remove the eviction action from state to federal court. Accordingly, Ms. Felts has failed to meet her burden of showing federal question jurisdiction in this matter.

Nor may this matter be removed to the federal court on the basis of diversity jurisdiction.

Ms. Felts is a resident of Ohio and may not remove the state court action on this basis. Removal based on diversity of citizenship is proper only where the defendant is not a citizen of the forum state. The removal statute limits removal of actions premised on diversity jurisdiction to cases where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Thus, even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *Chase Manhattan Mortgage Corp.*, 507 F.3d at 914; *Federal National Mortgage Association v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989). Because Ms. Felts is a resident of Ohio, removal is barred under section 1441(b).

Accordingly, the Court lacks subject matter jurisdiction over this case. The petition for removal is hereby **DENIED** and this action is **DISMISSED** from the docket of the Court. This matter is hereby **REMANDED** back to the state court. *See* 28 U.S.C. § 1447(c).

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies Ms. Felts leave to appeal *in forma pauperis*. Ms. Felts remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

*Susan J. Dlott*
Susan J. Dlott
United States District Judge